

FILED

2010 Feb-09  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SEACOR MARINE, L.L.C.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No.**: |
| **vs.** | ) | **CV-09-504-AKK** |
| | ) | |
| **THOMAS B. BENDER, JR.;** | ) | |
| **BENDER SHIPBUILDING &** | ) | |
| **REPAIR CO., INC.,** | ) | |
| | ) | |
| Defendants. | | |
| | | |
| **THOMAS B. BENDER, JR.;** | ) | |
| **BENDER SHIPBUILDING &** | ) | |
| **REPAIR CO., INC.,** | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SEACOR MARINE, L.L.C.,** | ) | |
| | ) | |
| Counter Defendant. | | |

## MEMORANDUM OPINION

## I.  BACKGROUND

This action arises from the destruction by fire of a ship being constructed

by Defendant / Counter-claim Plaintiff Bender Shipbuilding & Repair Co., Inc.

("BSR") for Plaintiff / Counter-claim Defendant Seacor Marine, L.L.C.

1

("Seacor").  Compl. ¶ 6.  According to Seacor, it entered into a contract and later, an amended contract, with BSR for the construction of the ship.  Compl. ¶¶ 10, 15.  Seacor seeks a declaratory judgment against BSR declaring that BSR breached the amended contract, damages for breach of contract, or in the alternative, damages for negligence. Compl. ¶¶ A, B, E, G.   Seacor also brought suit against Thomas B. Bender, Jr. ("Bender"), who agreed to serve as guarantor and assume primary liability for the payment of and performance on BSR's amended contract with Seacor.  Compl. ¶ 17(a), Guaranty Agreement ¶¶ 1,3.  Seacor seeks a declaratory judgment finding that Bender is obligated under the Guaranty Agreement for BSR's breach of the amended contract, and accordingly, for damages against Bender for BSR's breach of contract.  Compl. ¶¶ C, D.

On July 13, 2009, BSR filed a Notice to Stay this action based on the petition for bankruptcy under Chapter 11 of Title 11 of the United States Code it filed on July 1, 2009, in the United States Bankruptcy Court for the Southern District of Alabama, No. 09-12616-MAM-11. (Doc. 22).  Seacor filed a Response, (doc. 23), acknowledging the stay on its claims against BSR.  Seacor argued, however, that the automatic stay does not apply to its claims against Bender individually because the automatic stay provision does not extend to co-

2

defendants of debtors, including guarantors.[1]  Doc. 23, pp. 2-3.  BSR and Bender

disagree and contend that the automatic stay applies also to Seacor's claims

against Bender, because as an officer of BSR, Bender is entitled to indemnity

from BSR for any judgment entered against him in his capacity as an officer of

BSR.  Doc. 26, ¶¶ 1-3.[2]

## II.  APPLICABLE LAW AND ANALYSIS

Defendants' Notice to Stay is predicated upon 11 U.S.C. § 362(a)(1).

Section 362(a)(1)'s automatic stay, however, applies only to debtors, and does not

apply to non-bankrupt co-defendants, even if the claims against the co-defendant

are in "similar legal or factual nexus with the debtor."[3]  *Maritime Elec. Co., Inc.*

*v.  United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991).  Moreover, § 362

does not afford any special protection to guarantors of bankrupt debtors:

"[n]othing in § 362 suggests that Congress intended that provision to strip from

---

[1] Seacor also argued that the automatic stay does not apply to BSR or Bender's counterclaims against Seacor.  Response of Seacor, p. 2.  BSR and Bender's Motion to Enforce Automatic Stay does not argue that the automatic stay should apply to BSR and Bender's counterclaims against Seacor, and this court has held in a separate Order, (doc. 30), that the automatic stay does not affect BSR and Bender's counterclaims against Seacor.

[2] Defendants overlook, of course, that Seacor is suing Bender as a guarantor rather than because of his status as a BSR officer.  Compl. Counts III, IV.

[3] Congress did broaden the automatic stay to apply to non-bankrupt parties in Chapter 13 bankruptcies for the narrow category of individual co-signors of consumer debts.  *See* 11 U.S.C. § 1301(a).  No such protection is provided for the guarantors of Chapter 11 bankruptcies.  *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988).

the creditors of a bankrupt debtor the protection they sought and received when they required a third party to guaranty the debt." *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988); *see also Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983) (it is "universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors"); *In re Earth Lite, Inc.*, 9 B.R. 440, 444 (Bankr. M.D. Fla. 1981) (the "guarantor in the Chapter 11 [bankruptcy] does not enjoy the automatic stay protection").

Defendants contend that this established principle of law does not apply, where, as here, a debtor has promised to indemnify the guarantor. According to Defendants, a guarantor can essentially nullify a guarantee they willingly provided by relying upon an indemnity agreement obtained from the debtor. Thereafter, when the creditor calls on the guarantee, the guarantor can avoid his contractual obligation by hiding behind the indemnity agreement. To support this position, Defendants rely on *A.H. Robins Co., Inc. v. Piccinin*, a case in which the Fourth Circuit allowed for an automatic stay to reach to a co-defendant in the "unusual situation" where there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or

finding against the debtor."  788 F.2d 994, 999 (4th Cir. 1986).

This court finds that the "unusual situation" does not exist here, and that, consequently, *A.H. Robins* is distinguishable.  Specifically, unlike the situation in this case, the co-defendants in *A.H. Robins* were not guarantors and, instead, were additional insureds under the bankrupt defendant's insurance policy.   The policy was one against which thousands of actions and claims were pending and which the debtor claimed constituted a significant and finite portion of the bankruptcy estate.  *Id.* at 1008.  Any judgment against additional insured co-defendants would have directly diminished the pool of funds available to the bankrupt defendant's creditors – operating, in effect, as a judgment against the bankrupt estate. *See id.*  This was the "unusual situation" at play that caused the *A.H. Robins* court to extend the stay as to the co-defendants.

This is not the case here.  A judgment against Bender in this action is not in effect a judgment against BSR; rather, it is a judgment against Bender personally as guarantor of BSR's amended contract with Seacor.  *See A.H. Robins Co.*, 788 F.2d at 999-1000.   While BSR may be obligated to indemnify Bender, this fact simply places Bender in line with BSR's other creditors hoping to recover their debts from the value of BSR's bankruptcy estate.  This fact, however, does not mean that Bender can avoid his contractual obligation to Seacor as a guarantor.

5

Accordingly, this court rejects Defendants' reading of *A. H. Robins* and follows instead the line of cases that hold that an automatic stay does not extend to a co-defendant guarantor.  In reaching this decision, this court considers that the *A.H. Robins* court stated that a bankruptcy court, in exercising its discretionary power to extend a stay over a civil action beyond the defendant debtor, must "weigh competing interests" and "justify the stay by clear and convincing circumstances outweighing the potential harm to the party against whom it is operative."  *A.H. Robins Co.*, 788 F.2d at 1003 (citations omitted). This standard makes clear to this court that a stay as to Seacor's claims against Bender is improper and unwarranted.  Such a stay would nullify the effect of the guaranty agreement – a bargained-for benefit which likely induced Seacor to enter into the parties' amended contract.

This court notes also that Defendants overlook that even the Fourth Circuit has held that an automatic stay does not apply to the co-defendant guarantor of a debtor when, as here, extending the stay would frustrate the purpose of the guarantee.  *Credit Alliance*, 851 F.2d at 121-122.  The court in *Credit Alliance* noted that the "very purpose of a guaranty is to assure the creditor that in the event the debtor defaults, the creditor will have someone to look to for reimbursement." *Id.* at 122 (quoting *Rojas v. First Bank Nat'l Ass'n*, 613 F. Supp.

6

968, 971 (E.D.N.Y. 1985).  This is precisely the case here.

This court finds that Bender is not entitled to an automatic stay of this action based solely on the fact that BSR is due to indemnify him for any judgment rendered against him.  Bender expressly agreed to serve as a guarantor of BSR's amended contract with Seacor.  Compl. ¶ 17(a), Guaranty Agreement.  In other words, he agreed to step in and fulfill BSR's obligations if BSR is unable to do so.  While Bender may be entitled to indemnity from BSR as its officer, such indemnity does not alter the fact that Bender agreed to serve as a guarantor and primary obligor on BSR's behalf for BSR's amended contract with Seacor.  As a guarantor, Bender must now answer to Seacor's allegations in this matter and cannot seek to piggyback on BSR's bankruptcy to avoid his contractual obligation.  There are no "clear and convincing circumstances" here that "outweigh[] the potential harm" to Seacor.  *See A.H. Robins*, 788 F.2d at 1003.  Moreover,  extending the stay to Bender would eliminate the protection Seacor bargained for and obtained and frustrate the very purpose of the guarantee Bender willingly provided.  *See Credit Alliance*, 851 F.2d at 122.

Therefore, this court holds that the automatic stay afforded to BSR does not extend to Defendant / Counter-claim Plaintiff Bender.  Accordingly, Defendants' Motion to Stay is DENIED, and all claims in this action relating to Thomas B.

Bender, Jr. shall remain unaffected by the bankruptcy pending in the United

States Bankruptcy Court for the Southern District of Alabama, No. 09-12616-

MAM-11.

      Done this 9th day of February, 2010.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE